# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Marshall, et al., | No. CV-15-02082-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| La Mesa Rehabilitation and Care Center, et al., | |
| Defendants. | |

This medical negligence and wrongful death action was brought by Plaintiff Jonathan Marshall ("Jonathan") individually as the surviving son of Melissa Marshall (the person whose allegedly wrongful death Jonathan sought to vindicate), and on behalf of Melissa Marshall's other surviving kin, Nicholas Marshall ("Nicholas") and Ruth Juntilla ("Ruth"). On December 14, 2017, the parties filed a stipulation to dismiss Nicholas and Ruth from this case. (Doc. 99.) The Court granted the parties' stipulation on December 19, 2017 and dismissed Nicholas and Ruth, leaving Jonathan as the only remaining plaintiff. (Doc. 102.) Neither the parties' stipulation nor the Court's order specified whether that dismissal was with or without prejudice.

On January 3, 2018, Jonathan, on behalf of himself *and* on behalf of the now-dismissed Nicholas and Ruth, filed two documents. The first was a notice of settlement, which indicated that Jonathan, Nicholas, and Ruth had reached a settlement with Defendants resolving all claims. (Doc. 106.) The second was a motion (not a stipulation)

to dismiss the claims on behalf of Nicholas and Ruth with prejudice. (Doc. 105.) That same day, and in response to the notice of settlement, the Court issued an order vacating all pending hearings and instructing the Clerk or the Court to terminate this matter on February 5, 2018 unless, before then, the parties filed a stipulation to dismiss. (Doc. 107.) The Court also denied Jonathan's motion to dismiss Nicholas and Ruth as moot in light of the Court's December 19, 2017 order granting the parties' stipulation to the same. In essence, Jonathan's motion did not ask the Court to amend its December 19, 2017 order to specify that Nicholas and Ruth's claims are dismissed with prejudice. Jonathan, instead, asked the Court to dismiss with prejudice parties who had already been dismissed and, therefore, were no longer part of this lawsuit.

Now before the Court is a motion (again, not a stipulation) filed by *Defendants* asking the Court to reconsider its order denying *Jonathan's* motion to dismiss. (Doc. 108.) Defendants explain that the parties' December 14, 2017 stipulation to dismiss Nicholas and Ruth had inadvertently left off the language "with prejudice," that a condition of the parties' settlement is that the claims of Nicholas and Ruth be dismissed with prejudice, and that Jonathan's motion to dismiss was intended to accomplish this. Defendants therefore ask the Court to (1) withdraw its December 19, 2017 order granting the parties' stipulation to dismiss Nicholas and Ruth and (2) grant Jonathan's motion to dismiss the claims of Nicholas and Ruth with prejudice.

Pursuant to Local Rule of Civil Procedure 7.2(g), motions for reconsideration may be granted upon "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Further, "no motion for reconsideration may be granted unless the Court provides an opportunity for response." LRCiv 7.2(g)(2). As a technical matter, Defendants' motion does not meet this standard, and to grant it the Court would need to afford Jonathan the opportunity to file a response brief because, as noted, Defendants filed the motion unilaterally rather than jointly. The latter requirement is pointless, of course, because Defendants ask the Court to grant a motion that Jonathan filed. The Court can safely

assume, then, that Jonathan has no objection. These procedural gymnastics might have been avoided had the parties simply filed a stipulation to modify or amend the Court's December 19, 2017 order to clarify that the stipulated dismissal of Nicholas and Ruth was with prejudice, which is the relief actually sought. In a related vein, if the parties are in agreement on action that they wish the Court to take, they are encouraged to file stipulations rather than motions, that way the Court knows that no party intends to file a response.

In any event, Defendants' motion for reconsideration has clarified the intent behind Jonathan's motion to re-dismiss Nicholas and Ruth. For good cause shown,

**IT IS ORDERED** that Defendants' motion (Doc. 108) is **GRANTED** as follows:

1. The Court's December 19, 2017 order granting the parties' Stipulation to Dismiss Nicholas Marshall and Ruth Juntilla (Doc. 102) is **vacated**.

2. Jonathan's unopposed Motion to Dismiss Plaintiffs Nicholas Marshall and Ruth Juntilla (Doc. 105) is **GRANTED**. Plaintiffs Nicholas Marshall and Ruth Juntilla are dismissed from this action **with prejudice**.

Dated this 12th day of January, 2018.

_____
Douglas L. Rayes
United States District Judge